UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **RED STICK ACQUISITIONS, LLC,**<br><br>　　　　　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**MIDLAND FUNDING LLC,**<br>**CAPITAL ONE BANK (USA) NATIONAL ASSOCIATION,**<br>**THE UNITED STATES OF AMERICA,**<br>and<br>**RIVERWALK HOLDINGS, LTD,**<br><br>　　　　　　　　　　**Defendants.** | CASE NO. 1:21-cv-00276-JDL |

**JUDGMENT OF FORECLOSURE AND SALE**
Mortgage Recorded in Kennebec County Registry of Deeds
at Book 9224, Page 220
Street Address: 376 Metcalf Road, Winthrop, Maine

This matter came before this Court upon a Motion for Default Judgment (the "Motion") filed by the Plaintiff Red Stick Acquisitions, LLC (the "Plaintiff") seeking judgment by default against the Defendants Midland Funding LLC ("Midland"), Capital One Bank (USA) National Association ("Capital One"), and Riverwalk Holdings, Ltd. ("Riverwalk") (collectively, the "Defaulted Defendants"). (ECF No. 46.) Upon consideration of the Motion and other filings in this case, and with the consent of the Defendant United States of America (the "United States"), this Court finds as follows:

　　1.　　The Plaintiff is represented by F. Bruce Sleeper, Esquire, and the United States is represented by Assistant U.S. Attorney John G. Osborn. All defendants or parties-in-interest other than the Defaulting Defendants and the United States have been dismissed

as parties to this case, and only the Defaulting Defendants and the United States remain as defendants or parties-in-interest in this case.

2. Default has been entered at Docket No. 41 in this case against the Defaulting Defendants for their respective failures to appear, plead, or otherwise defend this action.

3. The United States has filed an Answer at Docket No. 26 in this case (the "Answer") to the First Amended Complaint (the "Complaint") filed by the Plaintiff at Docket No. 23 in this case.

4. The United States has consented to the terms of this Judgment and does not dispute the findings made herein.

5. By virtue of the entries of default, the well-pleaded factual allegations of the Complaint are established as facts as against the Defaulting Defendants.

6. After consideration of the allegations in the Complaint, and the filings made in this case by the Plaintiff and the United States, it is found that:

    a. The Plaintiff is a limited liability company organized and existing under the laws of the State of Florida and with its principal place of business located at 364 Gulfview Road, Apt. 403, North Palm Beach, Florida 33408. *See* Complaint at ¶ 1; *see also* Statement under Penalties of Perjury of F. Bruce Sleeper, Esquire (the "Sleeper Statement") dated July 7, 2022, at ¶ 3, Ex. A.

    b. Midland is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in California. *See* Complaint at ¶ 2.

    c. Capital One is a national banking association organized and existing under the laws of the United States with its main office and principal place of business located in Virginia. *See* Complaint at ¶ 3.

    d.    Riverwalk is a limited partnership organized and existing under the laws of the State of Texas with its principal place of business located in Texas. *See* Complaint at ¶ 4.

    e.    Prior to their deaths, Douglas E. Donahue (the "Borrower") and Joanne L. Donahue f/k/a Joanne L. Simonds ("Joanne") were the owners of the property (the "Property") located at and about 376 Metcalf Road in Winthrop, County of Kennebec, State of Maine, by virtue of a deed (the "Deed") dated October 21, 1998, from Joanne to herself and the Borrower, which Deed was recorded in the Registry at Book 5770, Page 236 on October 28, 1998. *See* Complaint at ¶ 10; *see also* Statement under Penalties of Perjury of Leslie E. Lowry, Esquire dated July 6, 2022 (the "Lowry Statement") at ¶ 3, Ex. A.

    f.    The Deed does not show that Joanne and the Borrower took the Property as joint tenants. Therefore, as provided in 33 M.R.S.A. § 159 (West 2022), they took their respective interests in the Property as tenants in common under the terms of the Deed. *See* Lowry Statement at ¶ 4.

    g.    Joanne died on February 27, 2004, and the Borrower died on April 11, 2017. *See* Complaint at ¶¶ 12, 13; *see also* Lowry Statement at ¶ 5, Ex. B.

    h.    Joanne was survived by her four children, who consisted of Dale Simonds, Douglas M. Donahue, David Simonds, and Kimberly Daigle (collectively, the "Children"), and by the Borrower, and they inherited her interest in the Property from her. *See* Complaint at ¶¶ 12, 13; *see also* Lowry Statement at ¶ 5, Ex. B.

    i.    The Borrower was survived by the Children, who inherited his interest in the Property from him. *See* Complaint at ¶ 13; *see also* Lowry Statement at ¶ 5, Ex. B.

    j.    In July 2021, the Children executed and delivered a Quitclaim Release Deed (the "First Heirs' Deed") to the Plaintiff in which they transferred to the Plaintiff all interests that they each held in the Property as Joanne's heirs, which First Heirs' Deed was recorded in the Registry at Book 14106, Page 1 on July 27, 2021. *See* Complaint at ¶ 14, Ex. C; *see also* Lowry Statement at ¶ 6, Ex. C; Servicer Statement at ¶ 28, Ex. Q.

k.  In November and December 2021, the Children executed and delivered a Quitclaim Release Deed in Lieu of Foreclosure (the "Second Heirs' Deed") to the Plaintiff in which they transferred to the Plaintiff all interests that they each held in the Property, including in their capacity as the Borrower's heirs, which Second Heirs' Deed was recorded in the Registry at Book 14289, Page 165 on December 16, 2021. *See* Complaint at ¶ 15, Ex. C-1; *see also* Lowry Statement at ¶ 7, Ex. D; Servicer Statement at ¶ 28, Ex. R.

l.  Except as may have resulted from the deaths of Ms. Donahue and the Borrower, the records of the Registry of Deeds for Kennebec County, Maine (the "Registry"), do not show that either of them conveyed the Property to any other person or party as of the date hereof. *See* Lowry Statement at ¶ 8.

m.  On or about January 19, 2007, the Borrower executed and delivered to CitiFinancial, Inc. ("CF") a certain Disclosure Statement, Note and Security Agreement (the "Note") in the original amount financed of $142,998.16. On or about September 24, 2017, CF endorsed an allonge (the "Allonge") to the Note transferring, without recourse, the ownership of the Note to CitiFinancial Servicing, LLC ("CF Servicing"), and, on or about that same date, CF Servicing endorsed the Allonge in blank, without recourse. *See* Complaint at ¶ 16, Ex. D; *see also* Servicer Statement at ¶¶ 5, 6, Ex. A.

n.  To secure, among other things, the obligations of the Borrower under the terms of the Note, and all renewals, extensions, modifications, or replacements of the Note, on or about January 19, 2007, the Borrower executed and delivered to CF a Mortgage (the "Mortgage"), which Mortgage was recorded in the Registry at Book 9224, Page 220 on January 22, 2007. *See* Complaint at ¶ 17, Ex. E; *see also* Servicer Statement at ¶ 7, Ex. B; Lowry Statement at ¶ 9, Ex. E.

n.  The Property is more particularly described in the first page of the Mortgage (the "Mortgage Description"). *See* Complaint at ¶ 18; Ex. E at 1; *see also* Servicer Statement, Ex. B at 1; Lowry Statement, Ex. E at 1. As set forth in the Mortgage attached as Exhibit E to the Complaint, the Property is bounded and described as follows:

> All that certain parcel of land in Winthrop, Kennebec County, State of ME, as more fully described in Deed Book 5770, Page

        236, ID #Map 8 Lot 54, being known and designated as a metes and bounds property.

        Being the same property conveyed by fee simple deed from the Estate of Joanne L Donahue to Douglas E Donahue, dated 10/21/1998 recorded on 10/28/1998 in Book 5770, Page 236 in Kennebec County Records, State of ME being the same property conveyed by Annie L Griffith to Joanne L Simonds, in Book 1567, Page 621 dated 11/19/1971 and recorded 11/28/1971, and from Joanne L Donahue f/k/a Joanne L Simonds to Joanne L Donahue, now deceased 02/27/20004 [sic], and Douglas E Donahue, as tenants in common.

o.     The following assignments of the Mortgage were made:

    i.     The Mortgage was assigned to CitiFinancial Servicing, LLC ("CF Servicing") by CFNA Receivables (TX), LLC, as successor by merger to CFNA Receivables (MD), LLC, which was formerly known as CitiFinancial, Inc., as evidenced by the Assignment of Mortgage dated October 3, 2017, and recorded in the Registry at Book 12748, Page 191 on October 17, 2017.

    ii.     The Mortgage was assigned to Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A by CF Servicing as evidenced by the Assignment of Mortgage dated October 3, 2017, recorded in the Registry at Book 12748, Page 192 on October 17, 2017.

    iii.     The Mortgage was assigned to Wilmington Savings Fund Society, FSB, as Trustee for GSLPF Trust Series A 2017 by Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A as evidenced by the Assignment of Mortgage dated April 6, 2018, recorded in the Registry at Book 12991, Page 204 on August 10, 2018.

    iv.     The Mortgage was assigned to Home Investment Fund V, LP by Wilmington Savings Fund Society, FSB, as Trustee for GSLPF Trust Series A 2017 as evidenced by the Assignment of Mortgage dated July 11, 2018, recorded in the Registry at Book 12991, Page 206 on August 10, 2018.

  v. The Mortgage was assigned to AMD Trust, LLC by Home Investment Fund V, LP, as evidenced by the Assignment of Mortgage dated February 13, 2019, recorded in the Registry at Book 13158, Page 168 on March 1, 2019.

  vi. The Mortgage was assigned to the Plaintiff by AMD Trust, LLC, as evidenced by the Assignment of Mortgage dated February 13, 2019, recorded in the Registry at Book 13158, Page 174 on March 1, 2019.

*See* Complaint at ¶¶19-24, Exs. F-K; *see also* Servicer Statement at ¶¶ 9-14, Exs. C-H; Lowry Statement at ¶ 10, Ex. F.

p. The Plaintiff is the owner of the Mortgage. *See* Complaint at ¶ 25; *see also* Servicer Statement at ¶ 14.

q. The following amendments were made to the Note as it was modified by the Allonge:

  i. On or about January 18, 2008, CF and the Borrower executed and delivered an Adjustment of Terms Agreement (the "First Adjustment Agreement"), which, among other things, amended the terms of the Note and the Mortgage to decrease the amount of monthly payments to be made under the Note and to extend the term of the loan evidenced by the Note.

  ii. On or about February 7, 2009, CF and the Borrower executed and delivered an Adjustment of Terms Agreement (the "Second Adjustment Agreement"), which, among other things, amended the terms of the Note and the Mortgage to further decrease the amount of monthly payments to be made under the Note and to further extend the term of the loan evidenced by the Note.

  iii. On or about August 13, 2009, CF and the Borrower executed and delivered an Adjustment of Terms Agreement (the "Third Adjustment Agreement"), which, among other things, further amended the terms of the Note and the Mortgage to provide for deferral of payment of certain amounts then outstanding under the Note, to temporarily decrease the rate at which interest was accruing under the Note terms, to temporarily decrease the

          amount of monthly payments to be made under the Note, and to extend the term of the loan evidenced by the Note.

    iv.    On or about January 19, 2010, CF and the Borrower executed and delivered an Adjustment of Terms Agreement (the "Fourth Adjustment Agreement"), which, among other things, further amended the terms of the Note and the Mortgage to provide for deferral of payment of certain amounts then outstanding under the Note, to temporarily change the rate at which interest was accruing under the Note, to temporarily decrease the amount of monthly payments to be made under the Note, and to extend the term of the loan evidenced by the Note.

    v.    On or about February 10, 2011, CF and the Borrower executed and delivered an Adjustment of Terms Agreement (the "Fifth Adjustment Agreement"), which, among other things, further amended the terms of the Note and the Mortgage to provide for deferral of payment of certain amounts then outstanding under the Note, to temporarily change the rate at which interest was accruing under the Note, to temporarily change the amount of monthly payments to be made under the Note, and to extend the term of the Loan evidenced by the Note.

    vi.    On or about April 24, 2014, CF Servicing and the Borrower executed and delivered an Adjustment of Terms Agreement (the "Sixth Adjustment Agreement"), which, among other things, further amended the terms of the Note and the Mortgage to provide for deferral of payment of certain amounts then outstanding under the Note, to change the rate at which interest was accruing under the Note, to change the amount of monthly payments to be made under the Note, and to extend the term of the Loan evidenced by the Note.

    *See* Complaint at ¶¶ 26-31, Exs. L-Q; *see also* Servicer Statement at ¶¶ 15-20, Exs. I-N.

r.    The Note, including the Allonge, and as amended by the First Adjustment Agreement, the Second Adjustment Agreement, the Third Adjustment Agreement, the Fourth Adjustment Agreement, the Fifth Adjustment Agreement, and the Sixth Adjustment Agreement (the Note, as so amended, and including the Allonge, the "Amended Note") has been assigned to the Plaintiff for value and the Plaintiff is

       the holder of, and has possession of, the Amended Note. *See* Complaint at ¶ 32; *see also* Servicer Statement at ¶ 21.

s.     The Plaintiff is, and has certified that it is, the owner of the Amended Note. *See* Complaint at ¶ 34; *see also* Servicer Statement at ¶ 21.

t.     The United States held, or may have held, an interest in the Property because the United States, by the Small Business/Self Employed Area #1 lien unit of the United States Department of the Treasury, Internal Revenue Service, as provided by the 26 U.S.C.A. §§ 6321-6323 (West 2022), recorded a Notice of Federal Tax Lien (the "Tax Lien Notice") in the Kennebec County Registry of Deeds (the "Registry") at Book 11173, Page 38 on September 25, 2012, which Tax Lien Notice names one of the Children, Douglas M. Donahue, with an address of 376 Metcalf Rd., Winthrop, ME 04364-3380, as the taxpayer. *See* Complaint at ¶¶ 7, 37, Ex. A; *see also* Lowry Statement at ¶ 11, Ex. G; Answer at ¶ 1. The United States agrees that, by force of law, the terms of that Notice, and the passage of time, the liens evidenced and/or perfected by the Tax Lien Notice have been released and are no longer effective as against the Plaintiff and the Mortgage with respect to the Property. *See* 26 U.S.C.A. §§ 6322 (federal tax lien continues until liability for amount assessed becomes unenforceable after the passage of time), 6502(a)(1) (West 2022) (generally, amount assessed may be collected within ten years of that assessment); *see also* Tax Lien Notice (section entitled "IMPORTANT RELEASE INFORMATION" provides that Notice constitutes a certificate of release, as defined in 26 U.S.C.A. § 6325(a) (West 2022), of the lien created by each assessment referenced in that Notice if not refiled within ten years and one month after the date that assessment was made, with the liens for all such assessments being released if not refiled on or before May 16, 2022).

u.    Midland holds, or may hold, an interest in the Property pursuant to a Writ of Execution recorded in the Registry at Book 10878, Page 54 on November 7, 2011. *See* Complaint at ¶ 35, Ex. R; *see also* Lowry Statement at ¶ 12, Ex. H.

v.    Capital One holds, or may hold, an interest in the Property pursuant to a Writ of Execution recorded in the Registry at Book 11079, Page 91 on June 26, 2012. *See* Complaint at ¶ 36, Ex. S; *see also* Lowry Statement at ¶ 13, Ex. I.

w. Riverwalk holds, or may hold, an interest in the Property pursuant to a Writ of Execution recorded in the Registry at Book 11395, Page 281 on May 28, 2013. *See* Complaint at ¶ 38, Ex. T; *see also* Lowry Statement at ¶ 14, Ex. J.

x. Defaults exist under the terms of the Amended Note in that, among other things, the monthly payment due under the terms of the Amended Note on May 3, 2017, and all further payments coming due under the terms of the Amended Note on any later date, have not been paid. *See* Complaint at ¶ 39; *see also* Servicer Statement at ¶¶ 23, 24, Ex. O.

y. As a result of the defaults under the terms of the Amended Note, the condition of the Mortgage has been breached. *See* Complaint at ¶ 40, Ex. E, §§ 1, 17; *See also* Lowry Statement at ¶ 9, Ex. E., §§ 1, 17.

z. The Property is not occupied and the provisions of 14 M.R.S.A. § 6111 (West 2022) do not apply to the foreclosure of the Mortgage or the acceleration of the maturity of the Amended Note. *See* Complaint at ¶ 41.

aa. As provided in the Amended Note and the Mortgage, on or about November 16, 2018, the Plaintiff's predecessor in interest, Home Investment Fund V, LP, caused a Notice of Right to Cure to be sent to the Borrower by certified mail, return receipt requested, and by regular mail, postage prepaid. *See* Complaint at ¶ 42, Ex. U; *see also* Servicer Statement at ¶ 25, Ex. P.

bb. As of August 31, 2021, the amount owing on the loan evidenced by the Amended Note, exclusive of attorney's fees and costs not then paid by the Plaintiff, and secured by the Mortgage consisted of $141,452.60 in principal, $44,302.50 in accrued interest, $9,606.27 in fees, and escrow advances of $8,411.17, for a total of $203,772.54 owing on that date. *See* Complaint at ¶ 43; *see also* Servicer Statement at ¶ 26.

cc. As provided in the Amended Note, additional interest is accruing on said principal balance at the fixed rate of 7.00% per year with interest at that rate now accruing on that principal balance at $27.50 per day

        after August 31, 2021. *See* Complaint at ¶ 44, Ex. Q at § 2; *see also* Servicer Statement at ¶ 27, Ex. N at § 2.

   dd.   Under the terms of the Amended Note and the Mortgage, repayment of all costs and expenses, including reasonable attorney's fees, incurred by the Plaintiff in enforcing the Amended Note and in bringing the current action are payable to the Plaintiff and are secured by the Mortgage. *See* Complaint at ¶ 45, Ex. D at 3; *see also* Servicer Statement at ¶ 28, Ex. A at 3.

   ee.   As of July 18, 2022, the amount owing to the Plaintiff under the terms of the Amended Note and the Mortgage, exclusive of attorney's fees and costs thus far billed to, or incurred by, the Plaintiff in connection with the current foreclosure action was $223,008.07, and excluding interest accruing after June 28, 2022, consists of the following:

| | |
|---|---|
| Principal | $141,452.60 |
| Interest to June 28, 2022 | $ 53,130.00 |
| Escrow Advances | $ 12,783.60 |
| Other Fees | $ 15,641.87 |
| TOTAL | $223,008.07 |

*See* Servicer Statement at ¶ 27.

   7.   Pursuant to 14 M.R.S.A. § 1602-B(2) (West 2022), and the terms of the Amended Note, the pre-judgment interest rate, and, pursuant to 14 M.R.S.A. § 1602-C(1)(A) (West 2022) and the Amended Note, the post-judgment interest rate as well, is 7.00% per year, with interest accruing on the principal outstanding under the terms of the Amended Note on and after August 31, 2021 at the rate of $27.50 per day. *See* Complaint at ¶ ¶31, 44, Ex. Q at § 2; *see also* Servicer Statement at ¶¶ 20, 27, Ex. N at § 2.

   8.   The provisions of 28 U.S.C.A. § 1961 (West 2022) do not apply to interest accruing on the principal outstanding under the terms of the Amended Note after entry of this Judgment, because, in this particular case, the Plaintiff has no ability to obtain any

deficiency judgment after foreclosure upon the Mortgage since none of the defendants is personally liable for the same. Accordingly, pursuant to 14 M.R.S.A. § 1602-C(1)(A) and the Amended Note, the post-judgment interest rate shall also be 7.00% per year.

9. The Plaintiff is entitled to add any additional reasonable amounts advanced by it to protect its mortgage security after the date of this Judgment through the date of any sale of the Property as provided for by this Judgment, for any additional costs of any such sale hereafter incurred, and for all additional and reasonable attorney's fees and other costs incurred by the Plaintiff in enforcing the terms of the Amended Note and in foreclosing upon the Mortgage.

10. To the extent that the Property comes to be occupied, the Plaintiff is entitled to obtain a writ of possession for that Property after the end of any redemption period provided for herein. *See* 14 M.R.S.A. §§ 6704, 6322 (West 2022).

ACCORDINGLY, the Motion is **GRANTED** as follows:

A. **JUDGMENT** is hereby **GRANTED** and **ENTERED** as follows **on the First Amended Complaint for Foreclosure and Sale** as follows:

1. The Plaintiff shall forthwith discharge the Mortgage and file a dismissal of this action if any of the Defaulting Defendants, or any of the Defaulting Defendant's respective successors or assigns, within ninety (90) days from the date of this Judgment as calculated under 14 M.R.S.A. § 6322, pay to the order of the Plaintiff the total of the following: (a) the amount owing on the Amended Note and the Mortgage as of July 18, 2022; (b) interest accruing on that amount after June 28, 2022 through the date of such payment at the rate of $27.50 per day; (c) all other attorney's fees and costs incurred, but not yet paid, by the Plaintiff in enforcing the terms of the Amended Note or in foreclosing upon the Mortgage; and (d) all costs incurred or paid by the Plaintiff after the date of this Judgment to protect its mortgage security through the date of any sale of the Property as provided for by this Judgment, or any costs of such a sale hereafter incurred. The following is a breakdown of the amount due and owing to the Plaintiff under the terms of the

Amended Note and the Mortgage as of July 18, 2022, exclusive of attorney's fees and costs incurred, but not yet paid, and interest that accrued after June 28, 2022, by the Plaintiff:

| | |
|---|---:|
| Principal | $141,452.60 |
| Interest to June 28, 2022 | $ 53,130.00 |
| Escrow Advances | $ 12,783.60 |
| Other Fees | $ 15,641.87 |
| TOTAL | $223,008.07 |

    2.     The Plaintiff, and its successors and/or assigns, are entitled to add any additional reasonable attorney's fees and costs, as well as any additional amounts advanced or expended by Plaintiff, its successors or assigns, pursuant to the Amended Note or the Mortgage, or as otherwise allowed by 14 M.R.S.A. § 6101 (West 2022). Application for any such fees and costs incurred prior to the date of this Judgment shall be made by the Plaintiff as provided in Fed. R. Civ. P. 54(d)(2) and this Court's Local Rule 54.2.

    3.     If any of the Defaulting Defendants, or any of the Defaulting Defendants' respective successors or assigns, do not pay the total of the sums required under § A(1-4) of this Judgment, to the order of the Plaintiff by the end of that ninety (90) day period, then:

        a.     Any remaining rights of the Defaulting Defendants and their respective successors or assigns to the Property or any portion of it, shall terminate, the Plaintiff shall, as against the Defaulting Defendants, their respective successors and assigns, and the United States, have the right to exclusive possession of the Property, and the Clerk shall, upon request of the Plaintiff, issue an appropriate writ to Plaintiff for possession of the Property as against any of the Defaulting Defendants, their respective successors or assigns, and the United States, who then remain in, or thereafter come into, possession of all of any part of the Property;

        b.     The Plaintiff shall sell the Property pursuant to 14 M.R.S.A. § 6321, *et seq.*, and shall disburse the proceeds of said sale, after deducting the expenses thereof, in the following amounts and priorities:

            i.     FIRST, to the Plaintiff, by virtue of the Mortgage, in the amount of $223,008.07, plus interest accruing at the rate of $27.50 per day after June 28, 2022, plus all reasonable attorney's fees and other costs through the date of such disbursement;

            ii.     SECOND, the surplus, if any, shall be paid to the Plaintiff as successor to and assignee of, the Children pursuant to the First Heirs' Deed and the Second Heirs' Deed.

The Defaulting Defendants, having failed to answer, to file an affidavit of debt, or to otherwise appear in this case, will not receive any distribution from the proceeds of sale.

B. The following information is included in this Judgment pursuant to 14 M.R.S.A § 2401 (West 2022), to the extent that the same may be applicable:

1. The names and addresses of the parties and counsel of record are as follows:

| Party: | Counsel: |
|---|---|
| Red Stick Acquisitions, LLC<br>364 Gulfview Road, Apt. 403<br>North Palm Beach, FL  33408 | F. Bruce Sleeper, Esquire<br>Jensen Baird Gardner & Henry<br>Ten Free Street<br>P.O. Box 4510<br>Portland, ME  04112 |
| United States of America<br>United States Attorney's Office<br>100 Middle Street<br>East Tower, 6th Floor<br>Portland, ME  04101 | John G. Osborn<br>Chief, Civil Division<br>Assistant United States Attorney<br>United States Attorney's Office<br>100 Middle Street<br>East Tower, 6th Floor<br>Portland, ME  04101 |
| Midland Funding LLC<br>c/o Corporation Service Company<br>45 Memorial Circle<br>Augusta, ME  04330 | None of record |
| Capital One Bank (USA) National Association<br>4851 Cox Road<br>Glen Allen, VA  23060<br><br>OR | None of record |
| Capital One Bank (USA) National Association<br>c/o Corporation Service Company<br>100 Shockroe Slip, 2nd Floor<br>Richmond, VA  23219 | None of record |

| | |
|---|---|
| Riverwalk Holdings, Ltd.<br>c/o VIP Capital Corporation<br>9804 Will Avenue<br>Amarillo, TX  79116<br>Attn: Zachary Badrow, Secretary | None of record |

2. The docket number of this case is 1:21-cv-00276-JDL.

3. Service of the documents required by Fed. R. Civ. P. 4(c) was made upon the Defaulting Defendants and the United States, and those parties have each received notice of this action in accordance with the Federal Rules of Civil Procedure as shown by the Affidavits of Service filed at Docket Nos. 7, 9, 10, and 32 in this case.

4. The property upon which the Bank seeks to foreclose in this case (the "Property") is adequately described in Exhibit A to this Judgment.

5. The street address of the Property is 376 Metcalf Road, Winthrop, ME 04364.

6. The Book and Page numbers of the Mortgage as recorded in the Kennebec County Registry of Deeds are Book 9224, Page 220.

C. Because no defendant in this case is personally liable on any obligation evidenced by the Amended Note or the Mortgage, no deficiency shall be assessed against any such defendant in this case and no execution shall be issued in this case for any such deficiency claim.

D. Pursuant to 14 M.R.S.A. § 2401(3)(F) (West 2022), the Clerk shall sign the below certificate certifying that the appeal period has expired without action or that a final judgment has been entered after remand following appeal if the Plaintiff requests the same after the appeal period has expired without any action or such a final judgment has been entered after appeal.

**SO ORDERED.**

Dated:  October 4, 2022

/s/ Jon D. Levy
**CHIEF U.S. DISTRICT JUDGE**

## CERTIFICATE OF CLERK PURSUANT 14 M.R.S.A. § 2401(3)(F)

The above Judgment in Docket No. 1:21-cv-00276-JDL was entered on the docket on _____, 20__.

    I hereby certify that:

        ____ The applicable appeal period has expired without action, or

        ____ The final judgment has been entered after remand following appeal.

Dated:_____　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Clerk

EXHIBIT A

All that certain parcel of land in Winthrop, Kennebec County, State of ME, as more fully described in Deed Book 5770, Page 236, ID #Map 8 Lot 54, being known and designated as a metes and bounds property.

Being the same property conveyed by fee simple deed from the Estate of Joanne L Donahue to Douglas E Donahue, dated 10/21/1998 recorded on 10/28/1998 in Book 5770, Page 236 in Kennebec County Records, State of ME being the same property conveyed by Annie L Griffith to Joanne L Simonds, in Book 1567, Page 621 dated 11/19/1971 and recorded 11/28/1971, and from Joanne L Donahue f/k/a Joanne L Simonds to Joanne L Donahue, now deceased 02/27/2004, and Douglas E Donahue, as tenants in common.